UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

RALPH BAZE                                                                                    PLAINTIFF

v.                                                               CIVIL ACTION NO. 5:10CV-P86-R

HOBERT HUDDLESTON *et al.*                                                       DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff filed a motion for leave to file a supplemental complaint (DN 34), but did not attach a proposed supplemental complaint. Prior to the expiration of the response time to Plaintiff's motion, he filed a second motion to file a supplemental complaint adding new parties (DN 40). This time he included the proposed supplemental complaint along with nineteen exhibits. Defendants filed a response (DN 41), and Plaintiff replied (DN 47). The matter is ripe for consideration.

Plaintiff brings his motions to supplement pursuant to Fed. R. Civ. P. 15(d), which provides, in pertinent part, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

> In considering whether to allow a plaintiff to amend or supplement its complaint, the district court should consider the following factors: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile.

*Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990)).

Additionally, Fed. R. Civ. P. 18 pertains to joinder of claims and provides that "a party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party," Fed. R. Civ. P. 18(a), and Fed. R. Civ. P. 20 pertains to joinder of parties and provides that:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id.* (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)); *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (finding no abuse of discretion when district court denied motions to amend seeking to allege new claims unrelated to his original claim against new defendants).

In the original complaint, Plaintiff sued Hobert Huddleston, Tom Simpson, LaDonna Thompson, Duke Pettit, and the Kentucky Department of Corrections. On initial review of the original complaint, the Court allowed the following claims to proceed: claims of retaliation, deliberate indifference, and discrimination against Defendant Huddleston in his individual capacity for all relief and in his official capacity for equitable relief; and a Title II ADA claim against all Defendants for all relief (DN 10). These claims all arise out of Defendants' refusal to allow Plaintiff to possess crutches on death row.

In the proposed supplemental complaint, however, Plaintiff alleges that he has been denied pastoral visits, denied access to the bathroom on one occasion, written up on false charges, placed in segregation without the use of prescribed glasses, and placed in a dirty cell, all in retaliation for filing grievances, civil actions, and criminal complaints against staff; writing letters and having face-to-face conversations with them; and being interviewed by media reporters. He also alleges cruel and unusual punishment and due process and equal protection violations. As proposed defendants, he specifically names ten individuals and also sues unknown John and Jane Does.

The new § 1983 retaliation claims are, at most, tangentially related to the § 1983 retaliation claim against Defendant Huddleston, who is not named in the supplemental complaint. Only Defendant LaDonna Thompson is named in both the original complaint and in the proposed supplemental complaint, and all § 1983 claims against Defendant Thompson have been dismissed. Discovery in the instant action based on the original complaint is complete, and the instant action is at the pretrial memorandum and dispositive motion stage. Many of the actions about which Plaintiff complains in the supplemental complaint occurred in June through August 2010, and he waited until March 2011, to file his proposed supplemental complaint.

All of these factors weigh heavily against allowing the filing of the supplemental complaint. Accordingly, **IT IS ORDERED** that Plaintiff's motion for leave to file a supplemental complaint (DN 34) and motion to file a supplemental complaint and add new parties (DN 40) are **DENIED**.

Although Plaintiff may not file the proposed supplemental complaint in the instant action, this does not mean that he may not file a new suit with respect to the complaint. Accordingly,

the **Clerk of Court is DIRECTED to docket the proposed supplemental complaint and its attachments (DN 40) as a complaint in a new action with a filing date of March 30, 2011,** the date Plaintiff filed the proposed supplemental complaint in the instant action.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4413.005