UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P86-R

RALPH BAZE                                                                                           PLAINTIFF

v.

HOBERT HUDDLESTON *et al.*                                                              DEFENDANTS

# MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by Plaintiff. Each is addressed below.

**1) Motion "for final adjudication" on a previously filed motion for reconsideration (DN 32).** Plaintiff claims that he previously filed a motion for reconsideration that has yet to be ruled upon, and therefore, seeks a ruling. The record reveals, however, that the Court denied Plaintiff's motion for reconsideration a month prior to Plaintiff's filing of the instant motion. **IT IS THEREFORE ORDERED** that the motion "for final adjudication" (DN 32) is **DENIED**. Because it appears that Plaintiff did not receive a copy of the Court's February 11, 2011, Memorandum Opinion and Order denying the motion for reconsideration, the **Clerk of Court is DIRECTED** to send Plaintiff a copy of that document (DN 25).

**2) Motion for appointment of counsel (DN 29).** In a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at

606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. Further, based on a review of Plaintiff's numerous filings, which the Court is easily able to understand, Plaintiff is articulate and able to represent himself sufficiently. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time. Accordingly, **IT IS ORDERED** that the motion for appointment of counsel (DN 29) is **DENIED**.

**3) Motion for order requiring the prison law library to make copies of all legal documents and exhibits (DN 37).** Plaintiff reports that prison staff refused to copy one of his exhibits, a newspaper article; withheld a typewriter ribbon for a week knowing that he had court deadlines; and lost/destroyed about 5,000 pages of legal documents. He states that he has to mail some exhibits to his family to make copies. He thus asks the Court to direct Kentucky State Penitentiary Warden Philip Parker to allow him to have copies made of anything that he wants to use as an exhibit.

Defendants respond that Plaintiff supports his motion by attaching a copy of the newspaper article that he asserts he was prevented from having copied; that he complains about his inability to file documents in the midst of filing a flurry of documents, including documents supported by exhibits apparently copied in the prison law library; that if he was not permitted to copy the newspaper story in question, it was because "it is entirely unrelated to this case and

2

they do not usually allow copying on non-legal material 'unless it is attached to a motion to prevent abuse'"; and that KSP officials seem unaware of the allegedly lost or destroyed documents. Defendants state that KSP officials have no intention of interfering with Plaintiff's litigation in any of his cases.

Plaintiff filed a reply alleging that Defendants made false and misleading statements in their response. He claims that while he now has a copy of the article at issue, which he received "from an outside source," he has not tried since that time to have a news article copied. With respect to his allegation of lost or destroyed property, Plaintiff explains that he was taken to segregation, and property officers packed his property for storage while he was in segregation. He claims that upon release from segregation, a case of legal documents was not among his returned property. He reports that a property officer told him they were misplaced and that he would find them but that a week later, the property officer admitted he could not find them. He admits that the replacement ribbon issue has been corrected.

Plaintiff is effectively asking for preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991).

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

3

*Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).

While Plaintiff has a constitutional right to "meaningful access to the courts," *Bounds v. Smith*, 430 U.S. 817, 824 (1977), he must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). No actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356. Moreover, the underlying action must have asserted a non-frivolous claim. *Id.* at 352-53. Plaintiff has not alleged that a non-frivolous claim has been lost/rejected or currently is being prevented due to his lost/destroyed papers or prison staff's refusal to photocopy a news article. Additionally, "since prisoners are not prejudiced by the filing of handwritten documents, there is no constitutional right to typewriters." *Kendrick v. Bland*, 586 F. Supp. 1536, 1554 (W.D. Ky. 1984). Thus, Plaintiff's delay in receipt of typewriter ribbon is of no legal significance.

Additionally, Plaintiff does not show irreparable injury, as the allegations about which he complains occurred in the past.

For these reasons, **IT IS ORDERED** that the motion for order requiring the prison law library to make copies of all legal documents and exhibits (DN 37) is **DENIED**.

**4) Motion for an extension of time in which to file a pretrial memorandum (DN 33).** Upon consideration, **IT IS ORDERED** that the motion (DN 33) is **GRANTED**. Plaintiff shall have **30 days** from the date of entry of this Order in which to file his pretrial memorandum.

5) **Motion to hold proceeding in abeyance until the Court rules on pending motions (DN 44).** As all pending motions have been ruled upon, **IT IS ORDERED** that the motion (DN 44) is **DENIED as moot**.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4413.005